■ CONNIE DUELL, an Infant, by Her Father, FRED DUELL, et al., Respondents, v. BOARD OF EDUCATION OF THE WARRENSBURG CENTRAL SCHOOL DISTRICT, Appellant.— Order affirmed, with $10 costs. No opinion. Herlihy, J. P., Aulisi, Staley, Jr., and Gabrielli, JJ., concur; Reynolds, J., dissents and votes to reverse and grant summary judgment in a memorandum. Reynolds, J. (dissenting). This is an appeal from an order of the Supreme Court, Warren County, denying appellant's motion for summary judgment made pursuant to CPLR 3212 on the ground that questions of fact are present which require a jury trial. On the morning of May 23, 1966, Connie Duell, then 10 years old and a fourth grade student at the Warrensburg Central School, fell and broke her leg in two places while running in a kickball game during a physical education class. Respondents' complaint avers that the injuries sustained resulted from the appellants's negligence in hiring an incompetent instructor, in placing the infant in the care of such instructor and in failing to supervise the class in question. Additionally, on the argument of the instant motion, although it was not previously alleged in the complaint respondents assert that kickball is an improper game for children of such age to be engaged in. Appellant, of course, denies all allegations of neglience and on this motion submitted affidavits in refutation of the liability asserted including affidavits from the teacher in charge, the supervising principal and a fellow teacher present at the time of the accident. These affidavits established that Mrs. Cudney, the teacher in charge, was a physical education instructor with graduate credit in education and physical education, that she had been a physical education instructor for over 13 years and since 1955 in the Warrensburg Central School, that she was duly certified as a physical education teacher with a temporary certification issued pursuant to the laws of this State. The supervising principal in his affidavit attested to Mrs. Cudney's excellence of character, ability, maturity and responsibility. On the question of supervision, the affidavit of the two adults present at the time of the accident both state that Mrs. Cudney was supervising the class and that in fact she was umpiring the game. Mrs. Cudney's affidavit indicates that Connie Duell fell while running and that no one was in close proximity to her, nor were there any obstacles in her path when she fell. Finally, on the issue of kickball not being a proper activity for children of this age, affidavits by two physical education instructors and the principal of the school system were introduced

indicating that kickball is a normal, safe activity for children of this age and that the Board of Education had approved the program for third and fourth grade boys and girls including kickball as part thereof. Against this impressive array of affidavits, the respondents produced only a conclusory statement by Fred Duell, Connie's father, that the allegations of negligence in the complaint raised questions of fact. *No evidentiary facts or any proof whatsoever were advanced in refutation of the material contained in appellant's affidavits.* Clearly summary judgment is a drastic remedy in that it denies a litigant his day in court and thus should be used with considerable reluctance particularly in negilgence actions (*Regnal Realty Corp.* v. *McBride Transp.,* 25 A D 2d 703; see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212.03). However, " 'The fear of depriving a party of his day in court because he says, in his affidavit, things that, if true, would present a question of fact, should not permit him to evade the actualities by merely making these statements'." (*Senrow Concessions* v. *Shelton Props.,* 10 N Y 2d 320, 326.) The fundamental question is whether the pleadings, affidavits, etc., in support of the motion are sufficient to find that no triable issue of fact exists and thus justify a holding as a matter of law that the action is without merit (6 Carmody-Wait 2d, New York Practice, § 39.11). And this is so even in negligence actions (see *Donlon* v. *Pugliese,* 27 A D 2d 786). Once, as here, the moving party has submitted proof in the form of affidavits showing that the cause of action advanced has no merit, " It is then incumbent upon the opposing party to come forward with *proof* to establish the existence of a genuine issue of fact." (Wachtell, N. Y. Practice Under the CPLR, p. 175.) (Emphasis added.) This the repsondents' conclusory affidavit clearly does not achieve. No evidentiary facts are presented to rebut the clear inferences from appellant's affidavits that what occurred was a pure accident. Mere "surmise, conjecture and suspicion" will not defeat a motion for summary judgment (*Shapiro* v. *Health Ins. Plan,* 7 N Y 2d 56, 63); only the factually demonstrated presence of a genuine issue (see *Greenbaum* v. *American Metal Climax,* 27 A D 2d 225, 232) and such is clearly not the case here. In my view we cannot close our eyes to the law and the rules governing summary judgment. To do so would create an illegal precedent. Accordingly, on the instant record the order should be reversed and the motion for summary judgment granted.